# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE PETTAWAY, | ) | |
|     Plaintiff, | ) | Civil Action No. 18-286E |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WARGO WILLIAMS, | ) | District Judge Susan Paradise Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION

District Judge Susan Paradise Baxter

*Procedural History of Plaintiff's Most Recent Spate of Filings*

Plaintiff Wayne Pettaway, an inmate incarcerated within state custody, has been a prolific filer in this Court for several years going back to 1995. Beginning on August 13, 2018, Pettaway filed thirteen separate civil actions, seeking leave to proceed in forma pauperis in each: 2:18-cv-1050; 2:18-cv-1146; 1:18-cv-240; 1:18-cv-279; 1:18-cv-280; 1:18-cv-281; 1:18-cv-282; 1:18-cv-283; 1:18-cv-284; 1:18-cv-285; 1:18-cv-286; 1:18-cv-288; and 1:18-cv-306. Many of these cases are duplicative of each other and of cases Plaintiff has filed in this Court over the last several years.[1]

---

[1] A pattern of vexatious litigation may justify an order prohibiting further filings without permission of the court. See Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987); In re Oliver, 682 F.2d 443, at 445-46 (3d Cir. 1982) ("In appropriate circumstances, courts have gone beyond prohibitions against relitigation and enjoined persons from filing any further claims of any sort without the permission of the court. […] [A] continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court."). See also Coulter v. Bissoon, 2017 WL 2876314 (W.D. Pa. July 5, 2017).

1

By Memorandum Opinions and Orders filed around October 22, 2018 in twelve of the thirteen cases, Plaintiff's motion for leave to proceed in forma pauperis was denied in accordance with 28 U.S.C. §1915(g), the so-called "Three Strikes Rule."[2] Because of multiple prior dismissals[3], and because the allegations of Plaintiff's complaint did not indicate that he was in imminent danger of serious physical injury, Plaintiff's motions for leave to proceed *in forma pauperis* were denied and the cases closed until such time as Plaintiff pays the full filing fee of $400.00 in each case.

In one of the thirteen cases, Plaintiff made allegations that the Healthcare Administrator Ms. Smock and the Commonwealth of Pennsylvania were denying him medical treatment for Hepatitis C and ignoring his requests for sick call. As relief, Plaintiff sought immediate medical treatment. This Court liberally construed Plaintiff's allegations as raising the possibility of "imminent danger of serious physical injury," granted the motion for in forma pauperis and allowed Plaintiff to proceed with that case. See Civil Action No. 18-285E.

---

[2] Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide: "[i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions … brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger).

[3] More than three of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a claim upon which relief may be granted: Pettaway v. SCI Albion, C.A. No. 11-158Erie; Pettaway v. SCI Albion, C.A. No. 12-1396 (Third Circuit); Pettaway v. State of Pennsylvania, C.A. No. 13-1551Pittsburgh; Pettaway v. District Attorney Zappala, C.A. No. 15-1431Pittsburgh; Pettaway v. Overton, C.A. No. 13-213Erie; and Pettaway v. Overton, C.A. No. 15-2156 (Third Circuit).

On November 1, 2018, in this case and several other closed cases, Plaintiff submitted a nonsensical filing captioned as an "Affidavit in Support of Proposed Complaint" which reads, in its entirety:

> I Wayne Pettaway hereby subject myself to the penalties of perjury, that I humbly appeal section 804(f) of Pub.L. 104-134. Enacted April 26, 1996, amended 28 U.S.C. § 1915, too [sic] humbly submit under immenent [sic] danger of serious physical injury, of denial of treatment of Heptitis [sic] C. I humbly appeal that I was found guilty but mentally ill, I also humbly appeal that I have court orders of case closed, from the Commonwealth Court of Pennsylvania miscellaneous docket number: 277MD2016, date May 27, 2016, Wayne Pettaway, Petitioner v. Hon. Judge John A. Zottola Respondent, initiating document: petition for review case status: closed, case processing status May 3, 2016 complete, journal number:/case category: Miscellaneous case type(s): inmate petition for review, consolidated cases, related cases: courts orders from state superior court certified remittal/remand, numerous cases of considerations, from Superior Court Western District 310 Grant Street Suite 600 Pittsburg Pa 15219, kidney condition that have not been treated even through sick call slips have been process, subject to Pa. 18. C.S.A. 4904 relating to unsworn falsification to authority.

ECF No. 5.

On November 6, 2018, in all of the thirteen cases, twelve of which are now closed, Plaintiff filed another "Affidavit in Support," which reads in its entirety:

> "I pray for consideration[.] will send for a DNA test if possible: I Wayne Pettaway subject myself to the penalties of perjury under Pa. 18. C.S.A. 4904 relating to unsworn falsification to authority. I humbly appeal section 804(f) of Pub.L.No 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915, I humbly appeal too [sic] imminent danger of serious physical injury, do [sic] mail that was returned to me with urine and who no [sic] what else could be HIV, or chemical agent that could posibly [sic] kill me, I have all the mail, I am scare [sic] for my life here at SCI Albion, please help me."

ECF No. 6.

*This Civil Action*

In this civil action, Plaintiff named John Wargo Williams (as a McKeesport Police informant) and the Commonwealth of Pennsylvania as Defendants. Plaintiff alleged that

3

Williams perjured himself in conjunction with a criminal case against Plaintiff that began in 2006 in the Court of Common Pleas of Allegheny County. Plaintiff sought release from "unlawful incarceration," as well as monetary damages.

This civil action remains closed pending Plaintiff's payment of the full filing fee. Although Plaintiff "appeals" to an "imminent danger of serious physical harm," presumably in an effort to overcome the denial of in forma pauperis status based on his prior "three strikes," there is nothing in this case that shows that Plaintiff is in danger of imminent physical harm. To the extent that Plaintiff could be in imminent danger of serious physical harm in regard to the denial of medical treatment for Hepatitis C, he has been allowed to pursue that claim in Civil Action No. 18-285E without the prepayment of the filing fee. To the extent that Plaintiff could suffer physical harm from allegedly contaminated mail delivered to him, that is a separate case that Plaintiff has not yet filed. See Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (the imminent danger exception to § 1915(g)'s "three strikes" rule is only available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate.").

Furthermore, Plaintiff may not list multiple case numbers in the caption of a filing and expect that such will be docketed at each listed case number. A separate Order will be issued that prohibits such filing in the future and directs the Clerk of Courts not to file any such documents from Plaintiff that attempt to be docketed at multiple docket numbers. Any such attempt will be returned to Plaintiff.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

Dated: November 28, 2018